STATE ex rel FREESE, Appellant, v. LEYSE, Respondent.
(Pettigrew, Intervenor.)

(207 N. W. 481.)

(File No. 5727.    Opinion filed February 24, 1926.)

**Municipal Corporations—Referendum — Constitutional Law — Streets and Alleys—Statute Requiring More Than 5 Per Cent of Voters to Sign Petition for Referendum in Municipal Affairs Unconstitutional (Const., Art. 3, Sec. 1; Rev. Code 1919, Sec, 6255, Amended by Laws 1921, c. 300).**

Where petition invoking referendum to vote on resolution vacating a portion of a street admittedly was signed by more than 5 per cent of the legal voters voting at the last preceding annual election, such number was sufficient under Const., Art.

3, Sec. 1, providing that no more than 5 per cent of qualified voters shall be required to invoke referendum; and Rev. Code 1919, Sec. 6255, as amended by Laws 1921, c. 300, is unconstitutional in so far as its requirements exceed such 5 per cent limitation.

Appeal from Circuit Court, Minnehaha County; HON. ASA FORREST, Judge.

Application by the State of South Dakota, on the relation of John M. Freese, for a writ of prohibition to restrain Walter C. Leyse, Auditor of the City of Sioux Falls, from calling a referendum election, in which proceeding R. F. Pettigrew intervened. Write denied, and plaintiff appeals. Judgment affirmed.

*Danforth & Barron* and *Teigen & Davis,* all of Sioux Falls, for Appellant.

*Roy D. Burns,* of Sioux Falls, for Respondent.

*Davis, Lyon & Bradford,* of Sioux Falls, for Intervener.

BURCH, C. On the 25th day of June, 1925, the city commission of the city of Sioux Falls passed a resolution vacating a portion of Phillips avenue. It was sought to refer this resolution to a vote of the people under the referendum law, and on the 30th day of July, 1925, a petition to invoke the refendum was filed. This action was brought by appellant for a writ of prohibition to prevent the city auditor, Walter C. Leyse, calling an election, because of claimed insufficiency of the petition. Trial was had, the court made findings against appellant and entered judgment denying the writ, from which this appeal is taken. Numerous objections are made to the petition, the verifications made by those circulating the petition, and the formalites required by law in affixing the signatures, but it is conceded that there are 765 names appearing thereon, properly signed, and verified and entitled to be counted.

The trial court found that the number necessary to submit the question to the people was 1,102, but found against appellant's contentions as to the sufficiency of the petition in other respects, and found there were 1,316 names of petitioning electors for the referendum entitled to be counted, and denied the writ. The finding that 1,102 petitioners were necessary was based upon 15 per cent. of the total number of electors voting at the last pre-

ceeding annual election as provided by section 6255, R. C. 1919, as amended by chapter 300, Sess. Laws 1921.

Under the view we take, it will not be necessary to determine the correctness of the trial court's conclusions on the number entitled to be counted. It is conceded that there are at least 765 legal names on said petition, and, as this is in excess of 5 per cent. of the legal voters voting at the last preceding annual election, such number is sufficient without reference to others in dispute. While section 6255 as amended provides that the petition shall contain 15 per cent. of the voters, section 1, art. 3, of the state Constitution, provides: .

The legislative power [of the state] shall be vested in a Legislature, * * * except that the people expressly reserve to themselves the right to propose measures, * * * and also the right to require that any laws which the Legislature may have enacted shall be sumitted to a vote of the electors of the state before going into effect: * * * Provided, that not more than five per centum of the qualified electors of the state shall be required to invoke either the initiative or the referendum. * * *

"This section shall apply to municipalities. * * *"

An amendment to this section was proposed by the Legislature in 1913 (chapter 132, S. L. 1913), by adding thereto the following italicized words, without other change.

"This section shall apply to municipalities; *except that in the case of municipalities the Legislature shall by law fix the percentage of the qualified electors * * * that shall be required to invoke either the initiative or the referendum.*"

In the fall of 1914 this amendment was rejected by the people. The construction placed upon the existing constitutional provision by the Legislature and the people, as indicated by their action in submitting and rejecting the amendment, is a reasonable one. The Constitution limits the power of the Legislature in fixing the number necessary to invoke a state-wide referendum to not more than 5 per cent. of the qualified electors of the state. In saying that such constitutional provision "shall apply to municipalities," the evident intent was that not more than 5 per cent. of the qualified electors of a city should be required to invoke either the initiative or the referendum upon municipal affairs. If the Legislature could enact that 15 per cent. were necessary in municipal

affairs, it could require 99 per cent. and thus defeat the manifest intention of the people in embodying the initiative and referendum provision in our Constitution. In so far as section 6255 as amended exceeds this 5 per cent. limitation it is unconstitutional and void.

No costs to be taxed in this court.

The trial court did not err in denying the writ of prohibition; and the judgment and order are therefore affirmed.